IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALDINE WRAY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 09-CV-5792 |
| MICHAEL C. PAINTER, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                                    March 4, 2010

Before the Court is Defendant Michael C. Painter's Motion to Dismiss (Doc. No. 5). This is a 42 U.S.C. § 1983 civil rights action[1] arising from an encounter between Plaintiff, Geraldine Wray, and Painter, the Chief of Police of the Borough of Hamburg, Pennsylvania, that occured at Plaintiff's home in February 2009. For the following reasons, Defendant's Motion is denied in part and granted in part.

**I.     STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

---

[1]Under Section 1983, "a plaintiff may sue any person acting under color of state law who deprives the plaintiff of a constitutional right." Gale v. Storti, 608 F. Supp. 2d 629, 632 (E.D. Pa. 2009) (citing Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006)).

unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

## II.    BACKGROUND

In accordance with the applicable standard of review, the following recitation of facts is based upon Plaintiff's averments and only accepted as true for the purposes of reviewing the present Motion.

Plaintiff entered into an agreement with Maurise Payne whereby Plaintiff ageed to take possession of and care for a dog known as "Razzle Dazzle" for the purposes of developing Razzle Dazzle as a show dog. (Compl.[2] ¶ 4.) In exchange, Plaintiff was to receive an ownership share in the dog. (Compl. ¶ 4.) In discharging her duties, Plaintiff expended substantial time and approximately twelve thousand dollars. (Compl. ¶ 5.)

At some unidentified juncture, a civil dispute arose between Plaintiff and Payne regarding the dog's training and Payne demanded Plaintiff return the dog. (Compl. ¶ 6.) Plaintiff refused to acquiese to Payne's request, contending that Plaintiff was breaching their contract and attempting to deny Plaintiff her ownership rights. (Compl. ¶ 6.)

In early February 2009, Payne traveled to Pennsylvania with the intent to initiate civil proceedings. See (Compl. ¶¶ 7-8.) However, Payne consulted with Defendant, who chose to intercede on Payne's behalf. (Compl. ¶ 7.) On or about February 7, 2009, Defendant confronted Plaintiff at her place of work and advised her that he possessed a felony arrest warrant for her in connection with the theft of the dog. (Compl. ¶ 8.) Later that day, Defendant arrived at Plaintiff's house with two other officers. (Compl. ¶ 9.) Despite Plaintiff's attempt to explain the nature of her

---

[2]"Compl." refers to the "Complaint." (Doc. No. 1.)

relationship with Payne and show Defendant evidence demonstrating her lawful possession of the dog, Defendant insisted that Plaintiff would either turn the dog over to him or be placed under arrest pursuant to the arrest warrant. (Compl. ¶ 11.) Defendant refused to provide Plaintiff or her husband with a copy of the arrest warrant. (Compl. ¶ 10.) Just prior to leaving with Defendant, Plaintiff, in fear of the repercussions associated with arrest, turned over possession of the dog to Defendant. (Compl. ¶ 14.) Plaintiff later became aware that Defendant never possessed an arrest or search warrant. (Compl. ¶ 17.)

In response to this incident, Plaintiff filed a one-count complaint on December 7, 2009, alleging that Defendant's unlawful deprivation of Plaintiff's freedom and property violated her Fourth Amendment rights. (Compl. ¶¶ 18-21.) Plaintiff seeks compensatory and punitive damages in connection with her claims. (Compl. ¶¶ 20-22.)

Defendant, alleging that Plaintiff has not pleaded sufficient facts, now moves this Court to dismiss Plaintiff's complaint.

## III.  ANALYSIS

### A.  Fourth Amendment Claims

The Fourth Amendment guarantees citizens the right "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. To establish a Fourth Amendment violation, Plaintiff must demonstrate that the "defendant's actions (1) constituted a . . . seizure within the meaning of the Fourth Amendment, and (2) were unreasonable in light of the surrounding circumstances." Open Inns, Ltd. v. Chester County Sheriff's Dep't, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citing Brown v. County of Inyo, 489 U.S. 593, 595-600 (1989)).

3

**1.    Seizure of Plaintiff**

An individual has not been seized within the meaning of the Fourth Amendment unless, in light of the circumstances, a reasonable person would conclude that the individual was not free to terminate her encounter with the police and leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). "[T]he protection against unreasonable seizures also extends to 'seizures that involve only a brief detention short of traditional arrest.'" I.N.S. v. Delgado, 466 U.S. 210, 215 (1984) (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)).

Here, it is clear that a reasonable person in Wray's position would not have felt she was free to disregard Painter and leave her home without consequence. Wray was cornered in her home by three police officers and threatened with arrest if the dog was not returned. Courts have interpreted a choice between compliance with police demands and arrest as a seizure on multiple occasions. See Banks v. Gallagher, No. 08-CV-1110, 2009 WL 3855687, at *17 (M.D. Pa. Nov. 17, 2009) ("A request for identification may constitute a sezuire where the officer . . . used direct language indicating that a failure to comply with the request would lead to an arrest . . . ."); see also Bennett v. Town of Riverhead, 940 F. Supp. 481, 488 (E.D.N.Y. 1996) (threat by officer to arrest parent if parent did not turn child over to officer could constitute seizure for purposes of Fourth Amendment because "[plaintiff's] only options were to hand over her child or to be arrested") (citing Vickroy v. City of Springfield, 706 F.2d 853, 854 (8th Cir. 1983)). Therefore, regardless of whether Plaintiff was officially taken into custody,[3] Plaintiff was seized within the meaning of the Fourth Amendment.

Considering that Painter lacked an arrest or search warrant, gained entry into Plaintiff's home through deception, and consciously ignored her attempts to explain the situation and provide him

---

[3]It is unnecessary for the Court to address the issue of custody here.

with evidence legitimizing her possession of the dog, there is no question that Plaintiff sufficiently alleged facts that could lead the factfinder to hold that Painter's conduct was unreasonable. See United States v. McNeill, 285 Fed. Appx. 975, 979 (3d Cir. 2008) ("'It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'") (quoting Bringham City v. Stuart, 547 U.S. 398, 403 (2006)).[4] Thus, Defendant's Motion to Dismiss this claim will be denied.

**B.    Seizure of Dog**

The Fourth Amendment is implicated when the government meaningfully interferes with an individual's possessory interest in her property. Soldal v. Cook County, 506 U.S. 56, 61 (1992). A dog is property under the Fourth Amendment. Andrews v. City of West Branch, Iowa, 454 F.3d 914, 918 (8th Cir. 2006) (citing Lesher v. Reed, 12 F.3d 148, 150-51 (8th Cir. 1994)); see also Snead v. SPCA of Pa., 929 A.2d 1169, 1181 (Pa. Super. Ct. 2007) (citing Van Patten v. City of Binghamton, 137 F. Supp. 2d 98, 107 (N.D.N.Y. 2001)) (killing of Plaintiff's dogs was seizure for Fourth Amendment purposes). Thus, Defendant's dispossessing Plaintiff of a dog in which she had an ownership interest qualifies as a seizure.

For the reasons articulated supra, Plaintiff has sufficiently alleged facts to permit a factfinder to find that Painter's actions were unreasonable. See Brown v. Muhlenberg Twp., 269 F.3d 205, 210 (3d Cir. 2001) ("[T]he Supreme Court has viewed a seizure of personal property as per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to

---

[4]Although there are exceptions to the warrant requirement, Defendant does not argue that one is applicable here.

a judicial warrant issued upon probable cause and particularly describing the items to be seized.").[5]

Defendant's Motion to Dismiss this claim will be denied.

### B. Fourteenth Amendment Due Process Claim

Plaintiff concedes that she is not raising a susbtantive due process claim. Therefore, in accordance with Defendant's request, the Court will dismiss Plaintiff's case insofar as it could be construed to raise a claim under the Fourteenth Amendment.

### C. Punitive Damages

In a Section 1983 action, punitive damages are not available against Defendant in his official capacity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Nevertheless, Plaintiff may recover such damages where the defendant, acting in an individual capacity, acts with reckless or callous indifference towards others federally protected rights. Smith v. Wade, 461 U.S. 30, 56 (1983). As a result, any claims for punitive damages against Defendant in his official capacity will be dismissed. To the extent that Plaintiff pursues punitive damages against Defendant in his individual capacity, the claims will not be dismissed.

### IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss will be granted to the extent that Plaintiff alleges a claim under the Fourteenth Amendment and seeks punitive damages from Defendant in his official capacity. Defendant's Motion shall be denied in all other respects.

An appropriate Order follows.

---

[5] See supra note 4.